UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELTON SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>ESCANDONE, FISHER, DEGROOT, HEMINGWAY,<br><br>        Defendants. | Case No.  1:22-cv-01491-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon periodic review.  As more fully set forth below, the undersigned recommends the district court dismiss this case without prejudice due to Plaintiff's failure to prosecute this action.

FACTS AND BACKGROUND

Plaintiff, Melton Smith, commenced this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on November 18, 2022 while detained at the LERDO Pretrial Facility. (Doc. No. 1).  Plaintiff concurrently moved to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. No. 2, IFP motion).  However, Plaintiff's IFP motion was deficient and did not comply with the requirements set out in §1915 (a)(1)(2).  Specifically, Plaintiff's IFP motion did not

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

include a certified copy of his trust fund account statement and the "Certificate" portion was left blank. (*See* Doc. No. 2 at 2). On November 28, 2022, the undersigned denied, without prejudice, Plaintiff's IFP motion and ordered him to either (1) submit a new application to proceed *in forma pauperis* completing the "Certificate" section of the application or include his prison trust account statement reflecting the 6 months of transactions preceding the filing of the complaint; or (2) pay the $402.00 filing fee. (Doc. No. 4). Plaintiff was given twenty-one days to exercise one of the two aforementioned options and included a blank IFP application form with its Order. (*Id.*). The Court further warned Plaintiff that his failure to timely comply with the Court's November 28, 2022 Order would result in the undersigned recommending that this action be dismissed for Plaintiff's failure to prosecute and/or comply with the Court's order. (*Id.* at 2, ¶5). Plaintiff has not filed a new application to proceed *in forma pauperis* nor has he paid the $402.00 filing fee and the time to do so has expired. (*See* docket).

## APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant does not prosecute an action or does not comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on

the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## ANALYSIS

The undersigned considers the above-stated factors and concludes they favor dismissal of this case.  The expeditious resolution of litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts."  *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The Court has already attempted a less drastic action by issuing an order providing Plaintiff additional time to file a new IFP application

or pay the filing fee, but Plaintiff failed to do so.  Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

The Ninth Circuit permits courts to dismiss cases where the plaintiff neither moved to proceed IFP nor paid the filing fee.  *Escobedo*, 787 F.3d at 1228.  A case cannot linger indefinitely on this Court's already overburdened docket.  A dismissal of this action for failure to prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as well as precedent governing Rule 41 dismissals.  After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, *without prejudice*, under Fed. R. Civ. P. 41(b) and Local Rule 110.  Plaintiff can reinitiate this action once he is prepared to prosecute his case.

Accordingly, it is **ORDERED**:

The Clerk of Court be directed to assign a district judge to this case.

Further, it is **RECOMMENDED**:

This case be dismissed *without prejudice* for Plaintiff's failure to prosecute this action and/or comply with the Court's Local Rules and orders.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  January 25, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE